IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**
11/04/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

RAVINDER SINGH,

Petitioner,

v.

MISTY MACKEY, Warden,
Midwest Regional Reception Center;
MARKWAYNE MULLIN, DHS Secretary;
CHRISTOPHER CHAMBERLAIN,
Acting Assistant Field Officer Director; and
Department of Homeland Security,

Respondents.

Case No. 26-3399-JWL

**MEMORANDUM AND ORDER**

Petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials. For the reasons set forth below, the petition is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **November 11, 2026**, and shall provide notice to this Court when that release is effected.

Petitioner, a native and citizen of India, entered the United States in 2010. In 2014, an immigration judge ordered petitioner's removal but granted his application for withholding of removal to India, meaning that petitioner could only be removed to an alternative third country. In 2015, petitioner was released under an order of supervision. Petitioner was detained by immigration officials on July 20, 2026, and his release was

revoked. Petitioner is presently detained within this judicial district. On October 21, 2026, petitioner filed this habeas action; respondents have now filed an answer, and the matter is therefore ripe for ruling.

Petitioner claims that his continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Specifically, petitioner claims that his removal in the foreseeable future is not likely, and that his release is therefore required under the framework set forth by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678 (2001).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the 90-day statutory removal period and that the Government may continue to detain an alien after that period or release the alien under supervision. *See id.* at 683 (citing 8 U.S.C. § 1231(a)(2), (6)). The Supreme Court held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *See id.* at 699. The Court elaborated on that standard as follows:

> In answering that basic question, the habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute. In that case, of course, the alien's release may and should be conditioned on

> any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions. . . .
>
> We recognize, as the Government points out, that review must take appropriate account of the greater immigration-related expertise of the Executive Branch, of the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute, and the Nation's need to "speak with one voice" in immigration matters. But we believe that courts can take appropriate account of such matters without abdicating their legal responsibility to review the lawfulness of an alien's continued detention.

*See id.* at 699-700 (citations omitted). The Supreme Court then established a presumptively-reasonable detention period of six months in which to accomplish removal, after which the reasonableness of an alien's detention should be determined as follows:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*See id.* at 701.

First, the Court notes that although petitioner has only been detained since July, more than six months have elapsed since petitioner's removal order became final (in 2014) and the statutory removal period began. Thus, *Zadvydas*'s burden-shifting framework applies, and respondents have not argued otherwise. *See Abedi v. Carter*, __ F.4th __, 2026 WL 3149141, at *26-28 (10th Cir. Oct. 21, 2026) (presumption under *Zadvydas* applies during the first six months after a removal order becomes final).

The Court next finds – and respondents do not dispute – that petitioner has met his burden to provide "good reason to believe that there is no significant likelihood of [his] removal in the reasonably foreseeable future." When officials gave notice of the revocation of petitioner's release, they checked a box on the form indicating that it was "appropriate to enforce" petitioner's removal order "as ICE has the ability and means to effectuate [petitioner's] removal;" but they left unchecked the box indicating that circumstances had changed such that there was a significant likelihood of removal in the reasonably foreseeable future. In addition, officials have never identified a possible third country for petitioner's removal, despite requests for such information from petitioner's counsel, whom they merely told that they "are continuously working on removal's [*sic*] for citizens with withholding of removal."

The Court further finds that respondents have not rebutted that showing by petitioner. In a declaration submitted by respondents, an immigration official states only that petitioner was detained in July "in an effort to effectuate removal to a third country," and that "ICE continues to explore third country removal options and will update the Court on any further developments in this matter, as appropriate." Thus, the declarant has not identified any actual efforts made or steps taken with respect to petitioner's removal to a third country, either before or after petitioner's detention; nor has the declarant offered any evidence or opinion concerning the likelihood that removal efforts will succeed or the timeframe in which removal may be expected. In the response brief, Government counsel concedes that he lacks information about third country removal targets for petitioner; and counsel (to his credit) does not even oppose the petition or argue that petitioner is not

entitled to relief under the *Zadvydas* standard, stating instead merely that the Court "should analyze" the petition under that standard. In the absence of specific evidence showing when petitioner might actually be removed, the Court cannot find that the Government has met its burden here.

In sum, respondents have not shown a significant likelihood that, even though officials have apparently made little or no progress in seeking third party removal, petitioner will nonetheless be removed in the reasonably foreseeable future. Petitioner's detention is therefore unreasonably indefinite, and the Court thus concludes that petitioner must be released, subject to appropriate terms of supervision. *See Zadvydas*, 533 U.S. at 700. Accordingly, the petition is granted to that extent, and respondents are ordered to effect petitioner's release by **November 11, 2026**.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted**. Respondents shall release petitioner from custody, subject to an appropriate order of supervision, by **November 11, 2026**, and shall provide notice to this Court when that release is effected.

IT IS SO ORDERED.

Dated this 4th day of November, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] The Court notes that petitioner has requested an award of attorney fees. Any such request should be made by future motion, after consultation with Government counsel, in accordance with applicable rules.